UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2021

FRANK PERROZZI, JR.,

                Plaintiff,

– against –

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY

                Defendant.

OPINION

1:19-cv-7790 (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge**

On December 27, 2018, this case was remanded to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. (ECF Nos. 17-18.)  On April 24, 2020, the parties stipulated to Plaintiff's counsel's receipt of $875.00 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion"). (ECF No. 20.)  On June 27, 2021, Plaintiff's counsel filed a motion for additional fees and costs pursuant to 42 U.S.C. § 406(b).[1] (ECF. Nos. 21-22.)  The Commissioner does not object to the fee request. (ECF No. 23.)

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

---

[1] The Commissioner concedes that the motion was timely filed under *Sinkler v. Comm'r of Soc. Sec.,* 932 F.3d 83, 89 (2d Cir. 2019) (holding that 14-day filing period commences upon claimant's receipt of notice of benefits calculation and that this deadline is subject to equitable tolling by the district courts).

1

42 U.S.C. § 406(b)(1)(A). Factors relevant to a request for approval are summarized in this Court's decision in *Blizzard v. Astrue*. They include: "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (citation omitted). The law permits counsel to charge fees of up to twenty-five percent of the past due benefits so long as the fees are reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). A lodestar method, which considers whether the rate charged and time spent were reasonable, need not be employed if there is no reason to question the terms of the contingency fee agreement between the lawyer and plaintiff or the character of the representation provided. *Id*. at 806-08.

All the factors weigh in favor of the fee request here. The fee of $11,866.00 is not more than twenty-five percent of past due benefits and would yield an hourly rate of $340.59 based on the expenditure of 34.84 hours of attorney time spent on Plaintiff's social security cases. Plaintiff's attorneys were successful in that they obtained an award of benefits. Counsel submitted detailed, non-boilerplate memoranda of law in support of Plaintiff's case in the district court and the memoranda contained extensive factual and legal analysis. His attorneys handled the case efficiently and without unnecessary litigation. And, the benefits received by the claimant are not disproportionate in comparison to the amount of time counsel spent on the case. *Blizzard*, 496 F. Supp. 2d at 322. The hourly rate of $340.59 is not "so outside the

bounds of reasonableness as to require a reduction." *Id.* at 325 (approving fee that resulted in a $705 hourly rate); s*ee also Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 U.S. Dist. LEXIS 25554, at *8 (S.D.N.Y. Feb. 12, 2020) (approving de facto hourly rate of $1,506.32 based on 24.4 hours of attorney time and efficient and competent work of counsel, which prompted SSA to offer voluntary remand following filing of motion for judgment on the pleadings); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 U.S. Dist. LEXIS 82180, at *9 (S.D.N.Y. May 15, 2019) (approving uncontested 406(b) attorney fee award of $23,969.88 for 22.2 hours of attorney work as reasonable considering efficiency of counsel and risk of non-payment); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 U.S. Dist. LEXIS 59552, at *5 (E.D.N.Y. Apr. 5, 2019) (approving $37,993.25 for 37.7 hours of work: "Although this amount appears considerable relative to the hours worked, it falls within the range of awards found both 'reasonable' and as not constituting a windfall under § 406(b) by other courts in this Circuit").  The hours worked are also reasonable given the nature of the services provided in Plaintiff's two district court cases.

The only adjustment that should be made is that the fee amount should be reduced by $6,475.00—the amount Plaintiff's counsel previously received in EAJA fees awarded.[2] **Accordingly, the motion for approval of attorney's fees (ECF Nos. 21-22.) is granted in the amount of $5,391.00 ($11,866.00 - $6,475.00 = $5,391.00).**

**SO ORDERED.**

Dated:   July 6, 2021
             New York, New York

KATHARINE H. PARKER
United States Magistrate Judge

---

[2] The Commissioner's letter at ECF No. 23 states that Plaintiff's counsel received fees in the amount of $6,475.00 in EAJA fees.

3